**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SANDRA M. COMBS,

    Plaintiff,

vs.                                      CASE NO.  3:10-cv-1189-J-32TEM

BRIDGESTONE FIRESTONE, and
GRETCHEN CONKEY, MELISSA
HUNGERFORD, RAY MILLING,
KEVIN FENSTERMAKER, in Defendants'
individual capacity,

    Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

This case is before the Court on the request to proceed *in forma pauperis*, contained in the Affidavit of Indigency (Doc. #2), filed December 27, 2010, and Plaintiff's Notice of Dismissal Without Prejudice (Doc. #7), filed February 4, 2011.  Upon examination of the complaint (Doc. #1), the Court determined this suit may be subject to dismissal pursuant to Title 28, United States Code, Section 1915, and gave Plaintiff the opportunity to amend the complaint by the close of business on February 4, 2011 (*see* Doc. #5, Court Order). Rather than filing an amended complaint, Plaintiff filed her notice of dismissal without prejudice on February 4, 2011 (*see* Doc. #7).  Plaintiff's notice of dismissal indicates she "now recognizes that any disputes she has with her former employer are subject to

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

mandatory mediation and arbitration pursuant to the terms of an earlier agreement and her former employer's plan" (Doc. #7 at 1).

While the affidavit of indigency indicates Plaintiff is without sufficient resources to commence and conduct the litigation, a review of the complaint found Plaintiff had failed to state a valid claim upon which relief might be granted regarding the individuals named as defendants and had failed to state facts sufficient to pursue this litigation in federal court. In this case, Plaintiff alleges discrimination on the basis of her sex under "the laws of the United States of America, Title VII of the Civil Rights Act of 1964, as amended" (Doc. #1 at 2). Plaintiff goes on to assert she was assigned "unreasonable and heavier workloads and assigned less unfavorable, hazardous and harmful working conditions than Plaintiff['s] predominately male co-workers." *Id.* Although Plaintiff properly asserted the Defendant Bridgestone Firestone is an employer within the meaning of Title VII (*see* Doc. #1 at 1), she failed to state whether she has pursued her claim at the administrative level and whether she has exhausted all administrative remedies prior to filing the complaint in federal court. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (plainly stating that "[b]efore a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies") (internal citation omitted). Further, Plaintiff sues several individual defendants in a Title VII lawsuit, yet it is well established that individual defendants may not be sued for violations of Title VII. *See Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (holding that the individually named defendants could not be considered plaintiff's employer and, therefore, could not be held liable under the ADEA or Title VII); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would

constitute a violation of the Act."); *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir.1995) (citing *Busby* and holding that Title VII suits may not be maintained against persons individually).

In light of the foregoing, including Plaintiff's notice of dismissal (Doc. #7) and the noted defects with the complaint filed in this action, the undersigned respectfully recommends Plaintiff's construed motion to proceed *in forma pauperis* **be denied** and this suit be **dismissed without prejudice** to Plaintiff filing a properly amended complaint.

**DONE AND ENTERED** in Jacksonville, Florida this 7th day of February, 2011.

*/s/ Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies:
*Pro Se* Plaintiff
Hon. Timothy J. Corrigan

3